Debtor  Tabitha Monique Dyer  
United States Bankruptcy Court for the   MIDDLE DISTRICT OF TENNESSEE  
[Bankruptcy district]  
☐ Check if this is an amended plan

Case number: _____

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1<br>☐ Debtor 2 | $250.00 | Bi-Weekly | 60 months | ☐ Debtor will make payment directly to trustee<br>☑ Debtor consents to payroll deduction from: Youth Villages |

Insert additional lines as needed.

**2.2 Income tax refunds.**
*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.3 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $32,400.00.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** Check one.

☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

Debtor   Tabitha Monique Dyer                Case number   _____

**3.2 Request for valuation of security and claim modification.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

☑ For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| Middle Tennessee Federal Credit Union | $7,633.00 | 2011 GMC Terrain 118,404 miles VIN: 2CTFLREC1B6267882 | $7,700.00 | $0.00 | $7,633.00 | 5.50% | $150 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment |
|---|---|---|---|---|
| Acceptance Now | washer and dryer | $2,273.00 | 5.50% | $50 |
| Car Financial Services | 2008 Nissan Altima 136,043 miles VIN: 1N4AL21E38N497065 | $10,005.00 | 5.50% | $200 |
| Progressive Leasing | mattress/box springs | $616.99 | 5.50% | $15 |

*Insert additional claims as needed.*

**3.4 Lien avoidance**. *Check one.*

| Debtor | Tabitha Monique Dyer | Case number | |
|---|---|---|---|

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4: Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,000.00. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☐ The attorney for the debtor(s) shall receive a monthly payment of $.

☑ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims and Postpetition Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

☐ The sum of $
☑     100    % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

### Part 6: Executory Contracts and Unexpired Leases

APPENDIX D                              Chapter 13 Plan                                    Page 3
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy
Case 2:19-bk-03446   Doc 2   Filed 05/30/19   Entered 05/30/19 14:42:22   Desc Main
Document      Page 3 of 7

| Debtor | Tabitha Monique Dyer | Case number | |
|---|---|---|---|

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

    ☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Order of Distribution of Available Funds by Trustee

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
☐ **Regular order of distribution:**

☑ **Alternative order of distribution:**

   1. filing fee  2. notice fee  3. secured claims with fixed payments  4. attorney fees  5. general unsecured claims  6. 1305 claims

*Insert additional lines as needed.*

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*
☐ plan confirmation.
☐ other: _____

### Part 9: Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Chapter 13 Plan Non-Standard Section Template for
## Student Loan IDR Plans During Bankruptcy

For use by a debtor not in default on Federal student loans who wants to enroll in or remain in an IDR repayment plan while in a Chapter 13 bankruptcy plan.

**Part 9 Nonstandard Plan Provisions**

1) Student Loan Debt Non-Dischargeable
   In accordance with 11 U.S.C. § 523(a)(8), this Chapter 13 plan of reorganization ("Chapter 13 Plan") cannot and does not provide for a discharge, in whole or in part, of the Debtor's federal student loan debt authorized pursuant to Title IV of the Higher Education Act of 1965, as amended ("Federal Student

2) Federal Student Loans not in Default
   As of 5/30/2019, the Debtor is not in default, as defined in 34 CFR 682.200(b) or 685.102, as applicable, on any Federal Student Loans listed in subsection (2)(b) of this Section.

3) Continuation of Pre-Petition Federal Student Loan IDR Plan

   a) During the course of this Chapter 13 bankruptcy case until its dismissal or closure, the Debtor may continue participating in the IDR plan in which the Debtor participated pre-petition and for which Debtor otherwise continues to be qualified as determined by the Title IV Loan Holder.

    i) The Debtor's monthly IDR plan payment is, as of the date of Debtor's bankruptcy petition, $___0_____.

    ii) The Debtor's monthly IDR plan payment is due to the Title IV Loan Holder on the [N/A] day of each month.

b) Debtor's Monthly Payments for Pre-Petition IDR Plan [$0]

    i. Until confirmation of this Chapter 13 Plan, the Debtor will make full and timely IDR plan payments directly to the Title IV Loan Holder identified in subsection (2)(b) of this Section.

    ii. Following confirmation of this Chapter 13 Plan, the Debtor will make full and timely IDR plan payments directly to the Title IV Loan Holder identified in subsection (2)(b) of this Section, outside of the Debtor's scheduled plan payments to the Chapter 13 Trustee.

5) <u>Annual Certification of Income and Family Size</u>
Pursuant to 34 CFR 685.209, 34 CFR 685.221, or 34 CFR 682.215, as applicable, the Debtor shall annually certify (or as otherwise required by the Title IV Loan Holder) the Debtor's income and family size, and shall notify the Chapter 13 Trustee of any adjustment (increase or decrease) to the Debtor's monthly IDR plan payment resulting from annual certification.

    a. Debtor expressly acknowledges and agrees that while this Chapter 13 case is open, Debtor waives application of the automatic stay provisions of 11 U.S.C. § 362(a) to all loan servicing, administrative actions, communications, and determinations concerning the certification of income and family size taken or effected during and for the certification process by the Title IV Loan Holder, including but not limited to: administrative communications and actions from the Title IV Loan Holder for the purpose of initiating certification; requests for documentation from the Debtor; determination of qualification for participation; and any action or communication listed in subsection (6) above, which is incorporated herein by reference.

    b. Debtor expressly waives any and all causes of action and claims against the Title IV Loan Holder for any alleged violation of the automatic stay under 11 U.S.C. § 362(a) associated with the IDR plan certification process, in consideration of the voluntary participation of and benefits to the Debtor of continued participation in an IDR plan.

    c. If Debtor's annual certification of income and family size for an IDR plan results in changes to the Debtor's required monthly IDR plan payment amount, the Debtor will notify the Chapter 13 Trustee within seven (7) days of Debtor's receipt of notice from the Title IV Loan Holder of the revised monthly IDR plan payment amount. Either the Debtor or the Chapter 13 Trustee may file an 11 U.S.C. §1329(a) motion to modify this Chapter 13 plan to reflect the Debtor's revised monthly IDR plan payment.

　　d.　If the Debtor fails to satisfy the requirements for annual certification for continued participation in the IDR plan, the Title IV Loan Holder will recalculate the monthly repayment amount according to the requirements of the IDR program.

　　　　(i) Debtor expressly acknowledges and agrees that while this Chapter 13 case is open the Title IV Loan Holder's recalculation of the Debtor's repayment amount does not violate the automatic stay provisions of 11 U.S.C. § 362(a) as set forth in subsections (6) and (8) of this Section.

　　　　(ii) Debtor expressly waives any and all causes of action and claims against the Title IV Loan Holder for any alleged violation of the automatic stay under 11 U.S.C. § 362(a) with regard to the recalculation of Debtor's Federal Student Loan repayment obligation while this Chapter 13 bankruptcy case is open.

6) Discontinuation of Participation in IDR
　　a.　If during the course of this Chapter 13 case the Debtor no longer desires to participate in the IDR plan and seeks administrative forbearance status on the Federal Student Loans identified in subsection (2)(b) of this Section, the Debtor must contact the Title IV Loan Holder in writing by letter to inform the Title IV Loan Holder of this decision.

　　b.　If during the course of this Chapter 13 case the Debtor ceases making payments on the Federal Student Loan, Debtor shall contact and inform the Title IV Loan Holder in writing by letter. Based on the Debtor's information, the Title IV Loan Holder will place the Federal Student Loan into an appropriate status, such as administrative forbearance, and will stay collection action until after this Chapter 13 case is closed.

　　c.　If during the course of this Chapter 13 case the Debtor ceases making payments on the Federal Student Loan without notice to the Title IV Loan Holder, Debtor will incur a delinquency and may default on the Federal Student Loan as defined in CFR 34 CFR 682.200(b) and 685.102.

　　　　i.　Debtor expressly acknowledges and agrees that while this Chapter 13 case is open the Title IV Loan Holder's administrative communication and actions on the defaulted debt, which are the routine administrative processes that occur upon delinquency and default on Federal Student Loans, do not violate the automatic stay provisions of 11 U.S.C. § 362(a) as set forth in subsections (6) and (8) of this Section.

　　　　ii.　The Title IV Loan Holder's administrative communication and actions do not include any form of active debt collection.

　　d.　Debtor expressly waives any and all causes of action and claims against the Title IV Loan Holder for any alleged violation of 11 U.S.C. § 362(a) with regard to the default status of Debtor's Federal Student

| Debtor | Tabitha Monique Dyer | Case number | |
|---|---|---|---|

Loan based on Debtor's non-payment while this Chapter 13 case is open, including communications with, correspondence to, or transmittal of statements to the Debtor, and telephonic and email contact with the Debtor, concerning and resulting from Debtor's Federal Student Loan default.

## Part 10: Signatures:

X /s/ Harry G. Lasser, IV     Date May 30, 2019
  Harry G. Lasser, IV
**Signature of Attorney for Debtor(s)**

X _____     Date _____

X _____     Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**